IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN KILGORE,

       Plaintiff,                   No. 2:11-cv-1822 KJN P

   vs.

TIM VIRGA, et al.,

       Defendants.          <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

"[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

as true the allegations of the complaint in question,  id., and construe the pleading in the light

most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

       Plaintiff filed a 156-page complaint naming 27 defendants.  Plaintiff raised

various allegations concerning events that took place from January 21, 2010, through June 13,

2011.  Most of plaintiff's allegations claim interference with plaintiff's right to access the court,

but plaintiff also included vague allegations of retaliation, deliberate indifference to his medical

needs, false prison disciplinaries, and the wrongful placement in B Facility based on a false

prison disciplinary and allegedly in retaliation for plaintiff filing prison grievances.

> The Civil Rights Act under which this action was filed provides as follows:
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

§ 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

(no affirmative link between the incidents of police misconduct and the adoption of any plan or

policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

affirmative act, participates in another's affirmative acts or omits to perform an act which he is

legally required to do that causes the deprivation of which complaint is made."  Johnson v.

1   <u>Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

2          Moreover, supervisory personnel are generally not liable under § 1983 for the

3   actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

4   defendant holds a supervisorial position, the causal link between him and the claimed

5   constitutional violation must be specifically alleged.  See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

6   (9th Cir. 1979) (no liability where there is no allegation of personal participation); <u>Mosher v.</u>

7   <u>Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979) (no liability where

8   there is no evidence of personal participation).  Vague and conclusory allegations concerning the

9   involvement of official personnel in civil rights violations are not sufficient.  See <u>Ivey v. Board</u>

10  <u>of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

11  personal participation is insufficient).

12         Plaintiff's claims against Warden Virga do not state a cognizable civil rights

13  claim.  Plaintiff alleged no facts demonstrating defendant Virga was aware of the incidents

14  alleged by plaintiff, took actions or failed to take actions connected with the alleged violations, or

15  that defendant Virga is named for any reason other than his supervisorial role as warden.  This is

16  insufficient to state a cognizable claim.

17         Plaintiff included no charging allegations as to defendants Haring and Clough.

18         Plaintiff's sole allegation as to defendant Martinez is that defendant Martinez

19  removed plaintiff from the law library on one occasion at the request of defendant Nappi.  This

20  allegation is insufficient to state a civil rights claim.

21         In addition, plaintiff appears to allege that some defendants are liable based solely

22  on their role in the inmate grievance process.  However, prisoners have no stand-alone due

23  process rights related to the administrative grievance process.  See <u>Mann v. Adams</u>, 855 F.2d

24  639, 640 (9th Cir. 1988); <u>see also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (holding

25  that there is no liberty interest entitling inmates to a specific grievance process).  Put another

26  way, prison officials are not required under federal law to process inmate grievances in a specific

4

way or to respond to them in a favorable manner.  Because there is no right to any particular

grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due

process rights based on allegations that prison officials ignored or failed to properly process

grievances.  See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010)

(plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a

cognizable claim under the First Amendment); Walker v. Vazquez, 2009 WL 5088788 at *6-7

(E.D. Cal. Dec.17, 2009) (plaintiff's allegations that prison officials failed to timely process his

inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v.

Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison

officials screened out his inmate appeals without any basis failed to indicate a deprivation of

federal rights); Williams v. Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov.10, 2009) ("Plaintiff

has no protected liberty interest in the vindication of his administrative claims.").  Therefore,

plaintiff shall omit allegations concerning the handling of administrative appeals, and details

concerning exhaustion of administrative appeals, in particular those unrelated to cognizable civil

rights claims, as described more fully below, from any amended complaint.  In addition, plaintiff

is not required to provide exhibits to his amended complaint.

Plaintiff's primary claim is that certain defendants allegedly interfered with

plaintiff's access to the courts.  An inmate has a constitutionally protected right of meaningful

access to the courts.  Bounds v. Smith, 430 U.S. 817, 820-21 (1977).  A prisoner claiming that

his right of access to the courts has been violated must show that:  1) plaintiff's access was so

limited as to be unreasonable, and 2) the inadequate access caused actual injury.  Vandelft v.

Moses, 31 F.3d 794, 797 (9th Cir. 1994).  A prisoner cannot make conclusory declarations of

injury, but instead must demonstrate that a non-frivolous legal claim has been frustrated or

impeded.  To prevail, however, it is not enough for an inmate to show some sort of denial.  An

"actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the

inability to meet a filing deadline or to present a claim."  Lewis v. Casey, 518 U.S. 343, 348

5

(1996).

In <u>Lewis v. Casey</u>, the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions.  <u>Id.</u> at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  <u>Id.</u> at 356.  Under <u>Lewis v. Casey</u>, prison officials violate this constitutional right to access the courts if, by their acts, they prevent an inmate from bringing, or caused an inmate to lose, an actionable claim of this type.  <u>Id.</u>

Thus, plaintiff's reliance on alleged interference in <u>Kilgore v. Mandeville, et al.</u>, 2:07-cv-2485 KJN P (E.D. Cal.) is unavailing.  Plaintiff was able to file his civil rights complaint in 2:07-cv-2485 KJN P, and that action is still pending.[1]  Although the court noted that the "case has been replete with delays and discovery disputes," (<u>id.</u>, dkt. no. 100), the docket reflects that plaintiff has been diligently prosecuting that action, and was recently appointed counsel to represent him.  (<u>Id.</u>, Dkt. No. 101.)  In any event, mere delay is insufficient to demonstrate an actual injury under the <u>Lewis v. Casey</u> standards.  <u>Id.</u> at 354.  (The right of access to the courts does not include an inmate's right to discover grievances or to litigate effectively once in court.)

Although plaintiff mentions an alleged delay in filing a certificate of appealability in a habeas corpus action, plaintiff provided no case number or other identifying information sufficient to allow this court to determine whether plaintiff suffered an actual injury.

Therefore, plaintiff should not renew any access to courts claim absent his ability to demonstrate that a particular defendant's interference with plaintiff's access to the courts

---

[1]  In any event, it does not appear plaintiff was prejudiced by any delay.  The discovery and dispositive motions deadlines were vacated on September 22, 2010.  Plaintiff's motions to compel were partially granted, and plaintiff was not sanctioned.  (Dkt. Nos. 73, 93.).  Plaintiff incurred no court costs as the district court does not impose filing fees for motions brought during the pendency of an action.

1   caused plaintiff to suffer an actual injury as defined in <u>Lewis v. Casey</u>.

2       To the extent plaintiff alleges defendant Nappi retaliated against him, plaintiff has

3   failed to allege facts addressing each element of a retaliation claim.  In order to state a claim

4   under 42 U.S.C. § 1983 for retaliation, plaintiff must establish that he was retaliated against for

5   exercising a constitutional right, and that the retaliatory action was not related to a legitimate

6   penological purpose, such as preserving institutional security.  <u>Rizzo v. Dawson</u>, 778 F.2d 527

7   (9th Cir. 1985).  Plaintiff must demonstrate a specific link between the alleged retaliation and the

8   exercise of a constitutional right.  <u>See</u> <u>Pratt v. Rowland</u>, 65 F.3d 802, 807-08 (9th Cir. 1995)

9   (there must be probative evidence to establish a crucial link in the logical chain required to

10  support retaliation; timing alone is insufficient).  Plaintiff is required to show that the exercise of

11  his First Amendment rights was chilled, although not necessarily silenced, by the alleged

12  retaliatory conduct.  <u>See</u> <u>Resnick v. Hayes</u>, 213 F.3d 443, 449 (9th Cir. 2000) (plaintiff promptly

13  contested the charge against him and won); <u>see also</u> <u>Rhodes v. Robinson</u>, 408 F.3d 559, 569 (9th

14  Cir. 2005).  "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An

15  assertion that a state actor took some adverse action against an inmate (2) because of (3) that

16  prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

17  Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

18  <u>Id.</u>, 408 F.3d at 567-68.

19      Adverse action is action that "would chill a person of ordinary firmness" from

20  engaging in that activity.  <u>Pinard v. Clatskanie School Dist. 6J</u>, 467 F.3d 755, 770 (9th Cir.

21  2006); <u>White v. Lee</u>, 227 F.3d 1214, 1228 (9th Cir. 2000).  Both litigating in court and filing

22  inmate grievances are protected activities, and it is impermissible for prison officials to retaliate

23  against inmates for engaging in these activities.  Without a finding of guilt and the issuance of

24  some punishment, plaintiff has not suffered an adverse act.  <u>See</u> <u>Hudson v. Brian</u>, 2009 WL

25  2151177, *1 (E.D. Cal. July 17, 2009) (rules violation accompanied by a punishment held to be

26  an adverse act).  Retaliatory issuance of a false rules violation constitutes adverse action.  <u>Hines</u>

1   v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliatory issuance of false rules violation and

2   subsequent finding of guilt), cert. denied sub nom. Pearson v. Hines, 524 U.S. 936 (1998).

3          Plaintiff did not allege that defendant Nappi's actions chilled plaintiff from

4   engaging in First Amendment activities.  Rather, it appears plaintiff filed inmate appeals or

5   CDCR 22s each time he believed his constitutional rights were violated.  Plaintiff also failed to

6   identify the adverse action plaintiff contends defendant Nappi took that allegedly chilled plaintiff

7   from engaging in the protected activity.

8          Finally, the court turns to the exhaustion of administrative remedies.  The Prison

9   Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o

10  action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

11  Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

12  administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion in

13  prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).

14  Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether

15  they involve general circumstances or particular episodes, and whether they allege excessive

16  force or some other wrong.  Porter, 534 U.S. at 532.

17         Exhaustion of all "available" remedies is mandatory; those remedies need not

18  meet federal standards, nor must they be "plain, speedy and effective."  Id. at 524; Booth v.

19  Churner, 532 U.S. 731, 740 n.5 (2001).  Even when the prisoner seeks relief not available in

20  grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Booth, 532

21  U.S. at 741.  A prisoner "seeking only money damages must complete a prison administrative

22  process that could provide some sort of relief on the complaint stated, but no money."  Id. at 734.

23  The fact that the administrative procedure cannot result in the particular form of relief requested

24  by the prisoner does not excuse exhaustion because some sort of relief or responsive action may

25  result from the grievance.  See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes

26  of exhaustion requirement include allowing prison to take responsive action, filtering out

8

1    frivolous cases, and creating administrative records).

2           A prisoner need not exhaust further levels of review once he has either received

3    all the remedies that are "available" at an intermediate level of review, or has been reliably

4    informed by an administrator that no more remedies are available.  Brown v. Valoff, 422 F.3d

5    926, 934-35 (9th Cir. 2005).  Because there can be no absence of exhaustion unless some relief

6    remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief

7    remained available, whether at unexhausted levels or through awaiting the results of the relief

8    already granted as a result of that process.  Id., 422 F.3d at 936-37.

9           As noted above, the PLRA requires proper exhaustion of administrative remedies.

10   Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  "Proper exhaustion demands compliance with an

11   agency's deadlines and other critical procedural rules because no adjudicative system can

12   function effectively without imposing some orderly structure on the course of its proceedings."

13   Id. at 90-91.  Thus, compliance with prison grievance procedures is required by the PLRA to

14   properly exhaust.  Id.  The PLRA's exhaustion requirement cannot be satisfied "by filing an

15   untimely or otherwise procedurally defective administrative grievance or appeal."  Id. at 83-84.

16          The State of California provides its prisoners the right to appeal administratively

17   "any departmental decision, action, condition or policy which they can demonstrate as having an

18   adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a) (2010).  It also provides

19   them the right to file appeals alleging misconduct by correctional officers and officials.  Id. at

20   § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner

21   must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal

22   on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and

23   (4) third level appeal to the Director of the California Department of Corrections and

24   Rehabilitation.  Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal.Code

25   Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the

26   exhaustion requirement under § 1997e(a).  Id. at 1237-38.

1    In the exhibits appended to plaintiff's complaint, it appears that plaintiff has

2 exhausted his interference with access to the court and retaliation claims against defendant Nappi

3 addressed through grievance SAC-10-0877.  (Dkt. No. 1-2 at 6.)  However, it does not appear

4 plaintiff exhausted the remaining claims raised in the instant complaint.  Appeal SAC-10-0536

5 concerning the certificate of appealability in plaintiff's habeas corpus case was withdrawn.

6 Appeal SAC-11-0118 concerning plaintiff's efforts to obtain copies of his "CDC 119 mail card"

7 and a copy of his incoming legal mail log[2] (dkt. no. 1-3 at 2) was screened out because plaintiff

8 "may not request forms/documents through the appeal process."  (Dkt. No. 1-3 at 5.)  Plaintiff

9 should not include any claims he failed to exhaust through the Director's Level of Review prior

10 to the filing of the instant action on July 12, 2011.

11    The court finds the allegations in plaintiff's complaint so vague and conclusory

12 that it is unable to determine whether the current action is frivolous or fails to state a claim for

13 relief.  The court has determined that the complaint does not contain a short and plain statement

14 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

15 policy, a complaint must give fair notice and state the elements of the claim plainly and

16 succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

17 allege with at least some degree of particularity overt acts which defendants engaged in that

18 support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

19 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

20 an amended complaint.

21    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

22 conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

23

24      [2]  In plaintiff's 2007 civil rights action, defendants were directed to provide these documents to plaintiff.  Kilgore v. Mandeville, et al., 2:07-cv-2485 KJN P (E.D. Cal.).  On May 4, 2011, defendants were ordered to provide plaintiff with a copy of plaintiff's Mail Card within

25 thirty days.  (Dkt. No. 93.)  On September 9, 2011, defendants were ordered to provide plaintiff with a copy of plaintiff's incoming legal mail log, as well as a copy of the "Mail Card" for

26 1/1/2011 through the date of production.  (Dkt. No. 100.)

1   Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

2   how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

3   unless there is some affirmative link or connection between a defendant's actions and the

4   claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

5   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

6   participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

7   268 (9th Cir. 1982).

8          In addition, plaintiff is hereby informed that the court cannot refer to a prior

9   pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

10  an amended complaint be complete in itself without reference to any prior pleading.  This

11  requirement exists because, as a general rule, an amended complaint supersedes the original

12  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

13  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

14  amended complaint, as in an original complaint, each claim and the involvement of each

15  defendant must be sufficiently alleged.

16         In accordance with the above, IT IS HEREBY ORDERED that:

17         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

18         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

19  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

20  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

21  Director of the California Department of Corrections and Rehabilitation filed concurrently

22  herewith.

23         3.  Plaintiff's complaint is dismissed.

24         4.  Within thirty days from the date of this order, plaintiff shall complete the

25  attached Notice of Amendment and submit the following documents to the court:

26            a.  The completed Notice of Amendment; and

1                b.  An original and one copy of the Amended Complaint.

2 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

3 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

4 also bear the docket number assigned to this case and must be labeled "Amended Complaint."

5 Failure to file an amended complaint in accordance with this order may result in the dismissal of

6 this action.

7 DATED:  September 20, 2011

8

9

10 KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

11 kilg1822.14

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

12

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   IVAN KILGORE,

11             Plaintiff,                        No. 2:11-cv-1822 KJN P

12        vs.

13   TIM VIRGA, et al.,                          NOTICE OF AMENDMENT

14             Defendants.

15   _____/

16             Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18             _____       Amended Complaint

19   DATED:

20

21                                        _____

22                                        Plaintiff

23

24

25

26