1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

IVAN KILGORE,

11

          Plaintiff,                          No. 2:11-cv-1822 KJN P

12

     vs.

13

TIM VIRGA, et al.,

14

          Defendants.                    ORDER

15

_____/

16

          Plaintiff requests appointment of counsel.  The United States Supreme Court has

17

ruled that district courts lack authority to require counsel to represent indigent prisoners in

18

§ 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain

19

exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to

20

28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

21

Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  "A motion for appointment of counsel

22

under 28 U.S.C. § 1915 is addressed to the sound discretion of the trial court and is granted only

23

in exceptional circumstances."  Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)

24

(citation omitted).

25

26

> A finding of exceptional circumstances requires an evaluation of
> both the likelihood of success on the merits and the ability of the
> petitioner to articulate his claims pro se in light of the complexity

1

1   of the legal issues involved.  Neither of these factors is dispositive
    and both must be viewed together before reaching a decision on
2   request of counsel under section 1915(d).

3   Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations and internal punctuation

4   omitted); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse

5   discretion in declining to appoint counsel).  The burden of demonstrating exceptional

6   circumstances is on the plaintiff.  See Palmer, 560 F.3d at 970 (plaintiff "has not made the

7   requisite showing of exceptional circumstances"); accord Alvarez v. Jacquez, 415 Fed. Appx.

8   830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v.

9   Hambly, 14 Fed. Appx. 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 2011 WL

10  5854097, *1 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to

11  appoint counsel under 28 U.S.C. § 1915(e)(1)").

12          In the present case, plaintiff is able to articulate his claims, and recently amended

13  his complaint.  The issues are not complex.  Defendants have not yet been served.  Based on the

14  procedural posture of this case, the court is unable to determine whether plaintiff is likely to

15  succeed on the merits.  Plaintiff raises various new and unrelated claims in this request, that are

16  not included in the operative amended complaint herein.[1]  However, plaintiff is not entitled to

17  appointment of counsel in this action on the grounds that plaintiff was appointed counsel in Case

18  No. 2:07-cv-2485 GEB KJN P.  Also, plaintiff notes he has been able to obtain assistance from

19

20          [1] For example, plaintiff also complains, inter alia, that prison officials have opened his "legal
    mail" from the court outside his presence.  "The Supreme Court ha[s] held that [legal] mail may be
21  opened in the presence of the addressee and that prison officials [can] require both that the letters
    be specially marked with the name and address of the attorney and that the attorney communicate
22  first with prison officials."  Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981) (citing Wolff
    v. McDonnell, 418 U.S. 539, 575-77 (1974)).  However, "[m]ail from the courts, as contrasted to
23  mail from a prisoner's lawyer, is not legal mail."  Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996)
    (citation omitted).  It is an open question in the Ninth Circuit whether legal mail may be opened
24  outside of the prisoner's presence.  Sherman, 656 F.2d at 528.  However, the Ninth Circuit has held
    that an isolated instance or occasional opening of legal mail outside the inmate's presence does not
25  rise to the level of a constitutional violation.  Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir.
    1989).  Because the mail that was opened was from the court, prison officials were not required to
26  open the mail in plaintiff's presence.  Keenan, 83 F.3d at 1094.  Court orders and court filings, unless
    filed under seal, are a matter of public record.

2

1  counsel appointed in 2:07-cv-2485 GEB KJN P, as well as the "services of pro bono college

2  programs" to assist him with filing other legal documents.

3           For all of the above reasons, the court does not find the required exceptional

4  circumstances, and plaintiff's motion for the appointment of counsel is denied without prejudice.

5           Plaintiff also complains that he was unable to obtain a second copy of the

6  amended complaint to provide to the court as prison officials refused to make an additional

7  photocopy because the amended complaint exceeded 50 pages and contained exhibits previously

8  provided to the court.  In 2008, the California Department of Corrections and Rehabilitation

9  amended their regulations to provide that "legal documents to be duplicated shall not exceed 50

10  pages in total length, including exhibits, except when necessary to advance litigation."  Cal. Code

11  Regs. tit. 15 § 3162(c).  Plaintiff's amended complaint was filed with the court, and a copy was

12  provided to opposing counsel.  Thus, plaintiff is relieved of the obligation to provide a second

13  photocopy of the amended complaint.

14           On February 6, 2012, plaintiff filed a letter to the undersigned, and on February 8,

15  2012, plaintiff filed a request for appearance before the court, supported by a further filing on

16  February 23, 2012.  In the letter, plaintiff appears to request that the undersigned intercede on

17  plaintiff's behalf in other legal proceedings in other courts.  (Dkt. No. 15 at 2.)  Plaintiff is

18  advised that this request is inappropriate; if plaintiff claims his access to the courts has been

19  denied, he must demonstrate actual injury and may seek damages by filing a civil rights action.

20  There is no provision or authority for this court to intercede in other legal proceedings on

21  plaintiff's behalf.  If plaintiff is having current difficulties in a pending legal proceeding, he

22  should address his concerns to the court in which such case is pending.

23           In plaintiff's request for appearance, plaintiff reiterates his alleged ongoing

24  difficulties with obtaining photocopies and the alleged mismanagement of his legal mail.

25  However, as plaintiff has previously been advised:

26  ////

A prisoner claiming that his right of access to the courts has been violated must show that:  1) plaintiff's access was so limited as to be unreasonable, and 2) the inadequate access caused actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).  A prisoner cannot make conclusory declarations of injury, but instead must demonstrate that a non-frivolous legal claim has been frustrated or impeded.  To prevail, however, it is not enough for an inmate to show some sort of denial.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis v. Casey, 518 U.S. 343, 348 (1996).

(Dkt. No. 7 at 5-6.)  Moreover, given the procedural posture of this case, plaintiff's request is premature.  Defendants have not yet been served with process.[2]  To date, plaintiff has met this court's deadlines in this case, and it appears this court has received plaintiff's filings without difficulty.  If plaintiff is unable to obtain photocopies, he may handwrite copies of court filings. Finally, it does not appear plaintiff is having difficulty filing documents in the instant action; plaintiff filed three documents in December, and three documents in February.  (Dkt. Nos. 12-14; 15-17.)

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's December 23, 2011 motion for the appointment of counsel (dkt. no. 14) is denied without prejudice;

2.  Plaintiff's February 6, 2011 filing (dkt. no. 15) is disregarded; and

3.  Plaintiff's February 8, 2011 motion (dkt. no. 16) is denied without prejudice.

DATED: February 28, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kilg1822.31

---

[2]  In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).