1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10  IVAN KILGORE,

11          Plaintiff,                    No. 2:11-cv-1822 KJN P

12      vs.

13  TIM VIRGA, et al.,

14          Defendants.              <u>ORDER</u>

15  _____/

16          Plaintiff is a state prisoner proceeding without counsel.  The court ordered service

17  of process on defendants Hamad, Johnson and Nappi.  On May 29, 2012, defendants filed a

18  motion to dismiss plaintiff's amended complaint on the grounds that plaintiff failed to state an

19  access to the courts claim, and that defendants Johnson and Hamad cannot be found liable on a

20  theory of respondeat superior.  On June 7, 2012, plaintiff filed a 70 page document entitled,

21  "Motion to Amend a Second Time, and to Supplement Plaintiff's First Amended Complaint."

22  (Dkt. No. 32.)  On June 14, 2012, plaintiff filed a 61 page document entitled "Addendum to

23  plaintiff's June 5, 2012, Notice and Motion to Amend for a Second Time and Supplement

24  Plaintiff's First Amended Complaint."  (Dkt. No. 34.)  On June 21, 2012, plaintiff filed an

25  opposition to the motion to dismiss.  (Dkt. No. 35.)  However, plaintiff does not substantively

26  oppose defendants' motion to dismiss; rather, plaintiff directs the court's attention to his motions

1

1  to amend and claims the motion to dismiss should not be granted because plaintiff's factual

2  allegations have changed.

3          On June 28, 2012, defendants filed a reply, objecting that plaintiff is not permitted

4  to change the factual allegations absent leave of court as plaintiff is only permitted to amend the

5  complaint once as a matter of right, but that if the court is inclined to grant plaintiff leave to

6  amend, defendants ask that the court screen plaintiff' second amended complaint pursuant to 28

7  U.S.C. § 1915A.

8          Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that:

9          A party may amend its pleading once as a matter of course within:

10         (A) 21 days after serving it, or

11         (B) if the pleading is one to which a responsive pleading is
           required, 21 days after service of a responsive pleading or 21 days
12         after service of a motion under Rule 12(b), (e), or (f), whichever is
           earlier.

13

14  Id.

15         An amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

16  F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is filed, the original pleading no longer

17  serves any function in the case.  Id.; see also L.R. 220 (every pleading to which an amendment is

18  permitted as a matter of right shall be retyped and filed so that it is complete in itself without

19  reference to the prior pleading.).  Although the allegations of this pro se complaint are held to

20  "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S.

21  519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil

22  Procedure and the Local Rules of the Eastern District of California.

23         Defendants are correct that plaintiff previously amended his complaint on

24  December 23, 2011.  However, in an abundance of caution, the court will allow plaintiff one

25  final opportunity to amend his complaint.  Plaintiff is cautioned, however, that the second

26  amended complaint must be complete in and of itself.  Plaintiff may not simply "supplement" his

1  prior pleadings by attempting to insert additional facts into previously-pled pleadings.  Plaintiff

2  must file one document that includes his factual allegations as to defendants Nappi, Johnson and

3  Hamad.  Plaintiff is not granted leave to name additional defendants.

4          Moreover, as plaintiff was previously informed, plaintiff must allege facts

5  demonstrating a constitutional violation as to each named defendant.  The Civil Rights Act under

6  which this action was filed provides as follows:

7          Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the
8        deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at
9        law, suit in equity, or other proper proceeding for redress.

10  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

11  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

12  Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

13  § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

14  (no affirmative link between the incidents of police misconduct and the adoption of any plan or

15  policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

16  another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

17  affirmative act, participates in another's affirmative acts or omits to perform an act which he is

18  legally required to do that causes the deprivation of which complaint is made."  Johnson v.

19  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

20          In addition, supervisory personnel are generally not liable under § 1983 for the

21  actions of their employees under a theory of respondeat superior and, therefore, when a named

22  defendant holds a supervisorial position, the causal link between him and the claimed

23  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

24  (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

25  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

26  there is no evidence of personal participation).  Vague and conclusory allegations concerning the

1   involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

2   of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

3   personal participation is insufficient).

4          Plaintiff's primary claim is that certain defendants allegedly interfered with

5   plaintiff's access to the courts.  An inmate has a constitutionally protected right of meaningful

6   access to the courts.  Bounds v. Smith, 430 U.S. 817, 820-21 (1977).  A prisoner claiming that

7   his right of access to the courts has been violated must show that:  1) plaintiff's access was so

8   limited as to be unreasonable, and 2) the inadequate access caused actual injury.  Vandelft v.

9   Moses, 31 F.3d 794, 797 (9th Cir. 1994).  A prisoner cannot make conclusory declarations of

10  injury, but instead must demonstrate that a non-frivolous legal claim has been frustrated or

11  impeded.  To prevail, however, it is not enough for an inmate to show some sort of denial.  An

12  "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the

13  inability to meet a filing deadline or to present a claim."  Lewis v. Casey, 518 U.S. 343, 348

14  (1996).

15         In Lewis v. Casey, the United States Supreme Court held that prison inmates have

16  a constitutionally protected right to access the courts to bring civil rights actions to challenge

17  their conditions of confinement and to bring challenges to their criminal convictions.  Id. at 351.

18  The right of access to the courts "guarantees no particular methodology but rather the conferral of

19  a capability -- the capability of bringing contemplated challenges to sentences or conditions of

20  confinement before the courts."  Id. at 356.  Under Lewis v. Casey, prison officials violate this

21  constitutional right to access the courts if, by their acts, they prevent an inmate from bringing, or

22  caused an inmate to lose, an actionable claim of this type.  Id.

23              In the interference line of cases, the Supreme Court has "held that
            the First Amendment right to petition the government includes the
24          right to file other civil actions in court that have a reasonable basis
            in law or fact."  Snyder [v. Nolen, 380 F.3d 279, 290 (7th Cir.
25          2004)] [internal citations omitted].  This right does not require
            prison officials to provide affirmative assistance in the preparation
26          of legal papers, but rather forbids states from "erect[ing] barriers

                                         4

that impede the right of access of incarcerated persons." <u>John L.</u> [v.
<u>Adams</u>, 969 F.2d 228, 235 (6th Cir. 1992); <u>Snyder</u>, 380 F.3d at 291
("The right of access to the courts is the right of an individual,
whether free or incarcerated, to obtain access to the courts without
undue interference").  Thus, aside from their affirmative right to
the tools necessary to challenge their sentences or conditions of
confinement, prisoners also have a right, protected by the First
Amendment right to petition and the Fourteenth Amendment right
to substantive due process, "to pursue legal redress for claims that
have a reasonable basis in law or fact." <u>Snyder</u>, 380 F.3d at 291
(citing <u>Johnson v. Atkins</u>, 999 F.2d 99, 100 (5th Cir. 1993)).

We have recognized that prisoners' First and Fourteenth
Amendment rights to access the courts without undue interference
extend beyond the pleading stages.  <u>See</u>, <u>e.g.</u>, <u>Vigliotto v. Terry</u>,
873 F.2d 1201, 1202 (9th Cir. 1989) ("a defendant is deprived of
due process if prison authorities confiscate the transcript of his
state court conviction before appeal"); <u>DeWitt v. Pail</u>, 366 F.2d
682, 685 (9th Cir. 1966) ("When the efforts of a state prisoner to
obtain an available appellate review of his conviction are frustrated
by the action of penal officials, there has been a violation of the
Due Process Clause of the Fourteenth Amendment").  Indeed,
before the Supreme Court's decision in <u>Bounds</u>, when the right of
access to the courts was understood only to guarantee prisoners a
right to be free from interference, we held that the right to access
the courts included "the opportunity to prepare, serve and file
whatever pleadings or other documents are necessary or
appropriate in order to commence *or prosecute* court proceedings
affecting one's personal liberty, or to assert and sustain a defense
therein, and to send and receive communications to and from
judges, courts and lawyers concerning such matters." <u>Hatfield v.
Bailleaux</u>, 290 F.2d 632, 637 (9th Cir. 1961) (emphasis added).

<u>Silva v. DiVittorio</u>, 658 F.3d 1090, 1102-03 (9th Cir. 2011).[1]  Thus, "prisoners have a right under

the First and Fourteenth Amendments to litigate claims challenging their sentences or the

---

[1]  In <u>Silva</u>, the prisoner alleged that defendants repeatedly transferred him between
different prison facilities in order to hinder his ability to litigate his pending civil lawsuits, and
seized and withheld all of his legal files. <u>Id.</u> at 1104.  In the case below, the district court found
that Silva's right of access to the courts ended once he brought the petition or complaint to court,
and did not include a "right to discover such claims or even to litigate them effectively once filed
with a court." <u>Id.</u> at 1101.  The district court "concluded that because Silva's allegations related
to his ability to effectively litigate his cases beyond the pleading stage, Silva failed to state a
claim." <u>Id.</u>  However, the Ninth Circuit disagreed, finding that because Silva pled facts
demonstrating active interference with his access to the courts, and alleged that several of his
pending suits were dismissed, demonstrating actual injury, the dismissal of Silva's access to
courts claim must be reversed. <u>Id.</u> at 1103-04.

conditions of their confinement to conclusion without *active interference* by prison officials." Id. at 1103.

To the extent plaintiff intends to include an allegation that defendant Johnson "negligently discarded and/or refused to process incoming and outgoing legal and institutional mail" (dkt. no. 34 at 7), plaintiff is advised that this action is not proceeding as a class action. Plaintiff may only allege facts personal to plaintiff; that is, to the extent defendant Johnson interfered with plaintiff's access to the courts by an alleged mishandling of the mail, plaintiff must allege facts demonstrating that he sustained an actual injury as a result of any such mishandling. The alleged actual injury must comport with "actual injury" as defined by the courts.

Plaintiff should also review the court's September 22, 2011 order for additional guidance in preparing his second amended complaint. Plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the second amended complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that a second amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.

1   Therefore, in a second amended complaint, as in an original complaint, each claim and the

2   involvement of each defendant must be sufficiently alleged.

3          In accordance with the above, IT IS HEREBY ORDERED that:

4          1.  Defendants' May 29, 2012 motion to dismiss (dkt. no. 29) is denied without

5   prejudice.

6          2.  Plaintiff's June 7, 2012 motion to amend (dkt. no. 32) is granted.

7          3.  Plaintiff's amended complaint (dkt. no. 13) is dismissed.

8          4.  Within thirty days from the date of this order, plaintiff shall complete the

9   attached Notice of Amendment and submit the following documents to the court:

10             a.  The completed Notice of Amendment; and

11             b.  An original and one copy of the Second Amended Complaint.

12  Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights

13  Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended

14  complaint must also bear the docket number assigned to this case and must be labeled "Second

15  Amended Complaint."  Failure to file a second amended complaint in accordance with this order

16  may result in the dismissal of this action.

17         5.  Defendants are relieved of their obligation to respond to any second amended

18  complaint until further order of court.

19  DATED:  July 30, 2012

20

21

22  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

23  kilg1822.mtd

24

25

26

7

1

2

3

4

5

6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10 IVAN KILGORE,

11       Plaintiff,                   No. 2:11-cv-1822 KJN P

12   vs.

13 TIM VIRGA, et al.,               NOTICE OF AMENDMENT

14       Defendants.

15 _____/

16       Plaintiff hereby submits the following document in compliance with the court's

17 order filed _____:

18       _____      Second Amended Complaint

19 DATED:

20

21                          _____

                              Plaintiff

22 DATED:

23

24

25

26